Curia, per O’Neall, J.
In answering the grounds of appeal, *58 I will reverse their order, and begin with the last first. It presents a naked question of fact, in answering which, it is supposed, the jury have erred. The facts on which the defendant relies, to show the error, were before the jury, and when compared with the fact that the committee opposed the plaintiff’s removal from his own plantation to the defendant’s house, were certainly not enough to establish conclusively the fact of assent on the part of the committee, to the renting of the defendant’s house. No one can say that the jury were wrong in saying he did not assent. 2. There is no doubt, if the plaintiff had been compos mentis, that the defendant’s second ground must have defeated the case: but it was too clear to be doubted that he was not, and hence, according to my view of the law, the plaintiff was incapable to contract for rent, and his contract being void, the sale of the gig by distress was illegal, and did not change the right of property. The old rule was, that a party could not stultify himself; but it is now subject to many modifications; and it may now generally be stated, that if a party sought to be charged with a contract can show, that he was so devoid of understanding, as to be utterly incapable of understanding it, he is not bound by it. Let us test that rule by this case : — The plaintiff sues for a chattel admitted once to belong to him, and the defendant undertakes to show he has been legally divested of his title to it. To do so, he must prove that the plaintiff rented the house from him: this depends upon a contract. To make a contract, it must be the act of two minds ; but if one of the parties have no mind at all — be a lunatic, or non compos mentis — there is only one mind, and of course no contract. The truth of the rule is thus proved by the facts of this case; and in proving it by them, it follows that the rule must govern them, and thus, the predicate of the defendant’s defence— his contract for rent being destroyed, his whole defence falls with it.
The 1st ground contends, that the proceedings in equity, establishing the plaintiff’s lunacy, were not admissible in evidence: but the case of John R. M'Creight v. David Aiken, decided here, December, 1836, shows that they are admissible between parties, other than the lunatic. It would seem to follow, that when he *59 was before the court, they would be much more clearly admissible. But under this ground, the defendant’s counsel, with his usual tact and ingenuity, contended, that if the committee were not joined with the lunatic, his suit could not be maintained. It is enough to say, that if there was any thing in the objection, it could not avail the defendant here, inasmuch as no such objection was made on the circuit, nor is taken by the grounds of appeal. But I think the action was properly brought, and that the committee need not be joined. All the confusion has arisen from confounding a rule of practice in chancery with one at law. In Tucker v. Lance, Term Hill. 14 and 15, car. 11, in Canc., (Cases in Chancery, 19,) it is stated in a note, that when the committee of a lunatic sue for any thing in the right of a lunatic, in such a case, the committee as well as the lunatic are made parties. This rule is uniform in chancery, and all the proceedings in that court are in conformity to it. But, at law, where a person of full age sues, he sues in his own name. The committee of a lunatic derive their authority generally from chancery, and hence, at law, are not necessary parties. It is, however, unnecessary to reason about the matter. In Cocks v. Darson, Hobart. 215, the very point was ruled. “ Cocks brought an action of trespass, of trover and conversion of beans against Darson ; and coming to trial at the assizes upon not guilty, because it was a small cause, the judge took not the jury” but heard the facts, and decided the case. It appeared that the land on which the beans grew was the land of a lunatic and copyhold, and that the lord had granted the custody of the land to one by whose leave and assent the plaintiff did sow the land. It was held, that the action must be in the name of the lunatic, as no interest in the lunatic’s land passed by the commitment of the land to the custody of him under whom the plaintiff entered and sowed. The point ruled in that case, that the action, when the right of a lunatic is concerned, must at law be in his own name, has ever since been conceded to be law; and no precedent can be found of the joinder of the committee. The books of pleading are silent as to any such requisite, on the part of the plaintiff. In the case of a lunatic defendant, if he be within age, he must appear by guardian; and by attorney, if of full age: 1 C. P. 529. *60 The same rule in substance holds when he is the plaintiff — he must' sue by guardian when under age — when of full age, he sues in his own name. — The motion is dismissed.
Clarke and M’Dowall, for the motion.
Gantt, Evans, Richardson, Earle, and Butler, Justices, concurred.